**Victor WELLS, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**Thomas McDONOUGH, NPC Check Services, and National City Corporation, Defendants.**

No. 97 C 3288.

United States District Court,
N.D. Illinois,
Eastern Division.

June 16, 1999.

Cathleen M. Combs, Daniel A. Edelman, James O. Latturner, Jeffrey Scott Sell, Edelman & Combs, Louise T. Walsh, Welsh & Katz, Ltd., Chicago, IL, for plaintiff.

David Matthew Schultz, Matthew R. Henderson, Hinshaw & Culbertson, Daniel P. Shapiro, Steven A. Levy, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

This Court previously granted Plaintiff Victor Wells' ("Wells") motion for class certification action against Defendants Thomas McDonough, NPC Check Services ("NPC") and National City Corporation (collectively "Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FCDPA"), 15 U.S.C. § 1692, *et seq.* Defendants now move to decertify the class pursuant to Fed. R.Civ.P. 23(c)(1). For the reasons set forth below, this Court denies the motion.

## BACKGROUND

On November 15, 1996, Wells issued a check to O'Connor Chevrolet for transmission fluid service which was dishonored. On January 3, 1997, NPC sent Wells a form collection letter containing the mechanically generated signature of an attorney, McDonough.

On May 2, 1997, Wells filed this putative class action alleging that the letter sent by NPC violated the FDCPA. Wells subsequently moved to have the following class certified: those Illinois residents who, in connection with the collection of a consumer debt, were sent on or after May 2, 1996, the same form letter that Wells received. Wells additionally sought the certification of a subclass of those class members who did not receive a written demand of payment by certified mail. This Court granted Wells' motion on March 31, 1998. *See Wells v. McDonough*, No. 97 C 3288, 1998 WL 160876 (N.D.Ill. March 31, 1998). Defendants now move to decertify the class.

## DISCUSSION

Defendants move to decertify the class for two reasons. First, Defendants assert that events subsequent to this Court's certification of the class reveal that Wells cannot meet his burden of demonstrating under Fed.R.Civ.P. 23(b)(3) that common questions will predominate over any individual issues in this action. In particular, Defendants assert that the necessity of analyzing each class member's debt to determine whether such debt is a consumer debt subject to the FDCPA will predominate this litigation. Second, Defendants argue that Wells' counsel's failure to timely provide notice to the class demonstrates the counsel's inability to adequately represent the class as required by Fed.R.Civ.P. 23(a)(4). This Court will consider those arguments in turn.

### I. *Predominance of Common Issues*

As part of its initial ruling granting class certification, Defendants challenged Wells' ability to satisfy the requirement of Rule 23(b)(3) that "common questions of law or fact ... predominate over any questions affecting only individual members." As is relevant here, Defendants argued that since the FDCPA only protects consumer debtors, *see* 15 U.S.C. § 1692a(5), and since Defendants' records did not distinguish between those debts that were incurred for personal as opposed to business purposes, certifying this action would burden this Court with the task of differentiating between the two. The Court rejected Defendants' argument, stating that the task of differentiating between consumer and business debt could be "efficiently performed by examining the checks or Defendants' records[.]" *Wells*, 1998 WL 160876, at *5.

Defendants' motion to decertify reasserts this argument. Defendants contend that "[d]espite a full opportunity to engage in discovery on these issues ..., speculation remains the sole basis of Wells' contention that it is possible to determine whether the class members' checks were written for per-

sonal or business purposes." (Defs. Reply at 3.) Defendants additionally rely on a recent case which denied class certification under similar circumstances. *See Lewis v. Riddle, P.C.,* No. 97–542, 1998 U.S. Dist. LEXIS 20465 (W.D.La. Nov. 18, 1998). In sum, Defendants contend that determining whether the individuals who received the subject letters—23,000 individuals in all—had incurred consumer as opposed to business debt will involve individual issues which predominate over the common questions involved in this case.

■ Upon considering the additional information submitted by Defendants, the Court remains convinced that individual issues do not predominate over the common questions involved in this case. Initially, although Defendants have suggested that the task of distinguishing between personal and business debts cannot be efficiently performed by examining their records, this information may still generally be garnered by looking at the checks themselves. The Court is mindful that the mere issuance of a personal check does not indisputably prove that the check was written to pay a consumer debt; there may be limited situations where an individual signs a personal check for a commercial debt. Nevertheless, "[a] dishonored check written on a personal checking account is prima facie evidence that the check was written for personal purposes," *Irwin v. Mascott,* 186 F.R.D. 567, 571 (N.D.Cal.1999), and this Court is satisfied that the vast majority of personal checks involve consumer debt.

■ Moreover, in the event Defendants' liability is established, the few exceptions, if any, to this general premise can be weeded out by asking the class members one question before determining the amount of liability.[1] The fact that class certification here may require the parties to ask the individual class members one question does not automatically establish that individual issues "predominate" over the common issues of the class. "The existence of individual questions that are ministerial in nature or otherwise easy to resolve does not defeat a certification petition." *Avila v. Van Ru Credit Corp.,* No. 94 C 3234, 1995 WL 41425, at *7 (N.D.Ill. Jan. 31, 1995). Here, the Court finds that the slightly untidy potential ministerial undertaking described above is superior to other available methods for the fair and efficient adjudication of this controversy. As such, the Court finds that Rule 23(b)(3) remains satisfied here.[2]

## II. *Adequacy of Class Representation*

In its initial opinion certifying the class, Defendants argued that Wells' counsel, Edelman & Combs, could not adequately represent the interests of the class. The Court rejected Defendants' argument, noting that Edelman & Combs has appeared before this Court in a number of class actions and has performed adequately. Thus, the Court expressed its satisfaction that Edelman & Combs would "represent and protect the interests of this class in a vigorous, effective and fair manner." *Wells,* 1998 WL 160876, at *4.

In its motion for decertification, Defendants argue that Wells' counsel has demonstrated it is inadequate class counsel because in spite of the fact that its class certification was approved June 2, 1998, it never sent class notice.[3] Defendants assert that "[i]t is

---

1. This question could be asked after liability was established because the number of class members is not determinative in establish liability. The number of class members is relevant, however, in determining the amount of liability. *See* 15 U.S.C. § 1692k(b)(2) (court must consider the "frequency" of noncompliance by the debt collector and "the number of persons adversely affected" in determining the amount of liability).

2. The Court recognizes that its holding differs from the *Lewis* decision provided by Defendants. However, *Lewis* itself notes that "it is in the minority in not certifying a class," *Lewis,* 1998 U.S. Dist. LEXIS 20465, at *17, and the opinions

considering this issue in this circuit have consistently allowed certification in similar circumstances. *See, e.g., Blair v. Equifax Check Servs., Inc.,* No. 97 C 8913, 1999 WL 116225, at *6 (N.D.Ill. Feb. 26, 1999); *Wilborn v. Dun & Bradstreet Corp.,* 180 F.R.D. 347, 356–57 (N.D.Ill. 1998); *Beasley v. Blatt,* No. 93 C 4978, 1994 WL 362185, at *5 (N.D.Ill. July 11, 1994). *See also Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161, 1165 n. 4 (7th Cir.1974).

3. Apparently, the individual assigned to this matter left Edelman & Combs around the time of this Court's order approving class notice. (*See* Pl. Resp. at 8.)

almost certain ... that many members of the Class have ... been prejudiced by Edelman & Combs' failure to send notice" in that: (1) class members may have made different decisions earlier; and (2) class members may be more difficult to locate. (Defs. Mem. at 13.)

■ Although counsel's failure to send class notice is disturbing, the interests of the class would clearly not be best served by decertifying the class. Such an action would not remedy any potential prejudice suffered by the class members; instead, such action would merely foster more delay and potential prejudice. The Court is confident that, upon reauthorizing Wells' counsel to send the notice of pendency of the class action, the notice will be sent suitably and without delay.

## CONCLUSION

For the reasons set forth above, Defendants' motion to decertify the class is denied. Wells' motion for approval to resend notice of pendency of class action is granted.